But these objections were both overruled by the Court,
Ashe, J, and Williams, J.
who said that if the interest of the note was in Hooper, then demands of the defendant against him might be set up against it, for the debts were in fact mutual—that as the defendant had pleaded his set-off, the plaintiff ought to have replied the statute of limitations—and that a plaintiff can no more oppose this statute to a defendant’s pleas without replying it; than a defendant can to the plaintiff’s declaration without pleading it.
The defendant’s counsel was proceeding to prove that the interest of the note was in Hooper, when the fact was admitted by the plaintiff’s counsel, and the set-off allowed.
Woods for the plaintiff.
Badger for the defendant.
Quære of the propriety of this decision. 1. Because by no construction of any part of the record, could it be inferred that Hooper was concerned in interest. The fact ought to have been set forth in the plea and although it is not the general practice of the bar in this state, to draw out the pleadings at full length; yet every material fact which cannot be intended in the ordinary form of the plea, ought at least to be suggested on the docket. 2. Because it is reported that the Superior Court setting at Edenton had before determined that the words “ set off,” written on the docket should be considered as a notice of set off only, and that all objections to the demand set up, might be taken at the trial.
Ex relatione Woods.